Thank you very much. Could we hear from the parties in Crown v. Danby Fire District? May it please the Court, my name is Robert Issacs and I represent the Plaintiff Appellant Adam Crown. Even if this Court were to assume that there was an objectively reasonable basis for bringing disciplinary charges against Adam Crown, and I submit that that assumption would not be warranted because it involves issues of fact, but even if the assumption were to be made, it was clear error for the District Court to hold that no reasonable finder of fact could conclude based on this record that the individual defendants intentionally retaliated against plaintiff. First, I think it needs to be crystal clear that what Crown did when he requested the documents on January 25, 2010 in his e-mail, what he did was protected speech. He was requesting documents that pertain to data, that pertain to matters of public concern. This was in connection with the course that he was taking. That is correct. And as we explained in our brief, although there may be private motives for requesting public documents, if those documents pertain to matters of public concern, then the request for those documents is protected under the First Amendment. It matters not that... Did he really want the documents? I mean, they offered them to him at one point, right, and they needed follow-up? Well, I believe there was an offer later on after he made a more formalized FOIL request. Twenty-five cents a page? Right. And he was, I think there was some back and forth as to the cost and whether or not he could bring his own Xerox machine. And I believe that ultimately... Was it unreasonable to say no, you can't bring in your own Xerox machine? I'm sorry? Was it unreasonable to say no, you can't bring in your own photocopier? I... Well, apart from that, I don't think it is material to the issues before the court, but perhaps not. Perhaps not. And I'm thinking only in terms of privacy concerns, medical records, the need to redact, and so on. So maybe there's an argument that that could be too cumbersome. But I think what's very important on this issue of whether or not this is protected speech and whether or not it's a FOIL request... And just before you go on, I'm sorry, is the January 25 email the only speech that you are arguing is protected for purposes of this appeal? Not at all. We think that all of the speech that he engaged in... But you're asking us to focus on January 20, the email. So I'm asking you, what else is there? Well, as... Specifically. What other forms of prospective speech did he engage in besides the FOIL request? Yes. Well, first of all... Whether it was subject to some form of retaliation. I think all of it was. When you say all of it, what other speech are you saying is protected? Well, if I can use the district court's language, the district court acknowledged that throughout Plaintiff's membership in the fire company, he perceived a variety of safety and health issues with respect to the company's management and operations, and he raised such issues frequently and often publicly. And that speech... Are you claiming that he was retaliated against for that speech? He's claiming that he's retaliated against for that speech and all the speech that could be deemed frequent and public criticisms of the company. And it came to a head, obviously, when he made his January 25 FOIL request. That's when Chief Gadden seized the moment and filed his own FOIL request with the state to get the registration forms and give him ammunition to then bring what we claim to be and what the Industrial Board of Appeals found to be the pretextual charges. Right. Now, you know that the response of the district, at least in part, is... The response of the fire district is, at least in part, that they were nevertheless justified in taking disciplinary action because your client used an unauthorized copy of the fire chief's signature and was insubordinate in failing to attend a required meeting. Why do you think that didn't give them qualified immunity, that they had that reasonable belief? Well, even if they had that belief, there's still the issue of fact as to whether or not their motive for bringing the charges was retaliatory. Because the law is clear in this circuit that even if there is an objective, reasonable basis for bringing the disciplinary charge, if it's tainted with retaliatory motive, then summary judgment is not available and qualified immunity is not available. Certainly, if there's retaliation, then there is no good faith, and the law is clear on that as well. Are you saying there's a question of fact as to whether these were the real reasons for their actions? Absolutely. And those questions of fact are based upon, one, the temporal proximity, which is only 38 days from the last instance of protective speech, which was the FOIL request, the request for documents, and the suspension. There's also the disassembly manner in which Gadden tried to explain his charges, and the Industrial Board of Appeals, I think, did a very good job in summarizing why it was it found that Gadden was not credible and that, therefore, the charges were pretextual. And there's also the disparate treatment. Jeffrey Baker's testimony, the former firefighter, is very probative. He said that he took about 64, 65 courses and used this manner of registration, that is, Gadden let him Xerox the forms just in the same manner that Crown did, and he would provide his completion of the courses to the fire district and not once was he ever questioned about it. He certainly wasn't disciplined about it. Those are all probative of and certainly grounds for finding retaliatory motive. If I may, though, and I know I asked for a three-minute rebuttal, what was cited and brought to the district court's attention in our memorandum of law to district court but wasn't contained in the brief was certain testimony given by the fire district's lawyer, Mr. Butler. Mr. Butler testified at the hearing that when he gave Crown the ultimatum, either, you know, why don't you just resign so you don't have to face these disciplinary charges and possible criminal charges, he said that he explained to Crown, and his testimony was, I quote, at the hearing, that Crown, rather than participatory and contributory, he was confrontational and challenging. And he wanted to explain to Crown what that meant. And during his deposition, he was asked specifically, what did you base your statement to Mr. Crown that he was, quote, unquote, confrontational? And Mr. Butler, the district's lawyer, answered this way. Our discussion, referring to him and Crown, was about how Adam was making applications under the FOIL law in New York for materials from the instructors for the background information he was seeking to not, and to not, I'm sorry, for his course. And he had received specific instructions from the instructors for the background information he was seeking to not use that kind of process. That could be seen as confrontational, rather to use a collaborative process. And if materials for the course were not readily available without causing a great deal of time and trouble for those that he was requesting it from. Your time is up. Do you want to use some of your three-minute rebuttal time, or do you want to save it? I would like to use it, thank you. If I might just say that that's in the appendix, Your Honor, at 866. All right, thank you. Thank you. May it please the Court, Stephen C. Sheahan of the law firm of Taddeo and Sheahan, on behalf of the Danby Fire District, Danby Volunteer Fire Company, and Commissioners Cavaney, Oltz, Bowles, Holden, and Cooper, as well as Chief Gadden. The district court did not err in dismissing this complaint. And it certainly did not base the decision solely on the objective basis for the alleged resignation. The district court certainly found, and we argue strongly, that there was an objective basis for the disciplinary action. Mr. Crown had attempted to take a Fire Officer III class, which required approval not just from the chief, but from the fire commissioners, without their authorization. And he had also disobeyed a direct order from the chief to meet with him. The plaintiff says that he was authorized to use the photocopy, and there's some support for that in the other witness's testimony, that he had been given substantially the same instruction. So why isn't that a fact question? It might, in the end, be resolved in favor of your client. I just don't know whether it can be now. Well, it's not a fact question because New York law required the approval of the class by the fire commissioners. And Crown is making the not totally unreasonable claim that the fire commissioner told him, yeah, make a photocopy of my signature and you can use that. That's actually incorrect. What Crown is saying is the fire chief, who did not have authority, the Board of Fire Commissioners under New York law has the ultimate authority to provide consent for a firefighter to take a class outside of the county. You can make all these arguments. My question to you is why this doesn't at least raise a fact question about the circumstances. I mean, you know, to get qualified immunity, you have to either show that there are no disputes of fact or you have to accept the facts as represented by the plaintiff. Accepting the facts as represented by the plaintiff, the Board of Fire Commissioners still had an objective basis for bringing a disciplinary action. They were not. Wouldn't the circumstances be different if he, in fact, had the chief's permission, even assuming he didn't have the commissioner's permission? No, they wouldn't because the chief can't authorize a firefighter. They would still discipline him in the same way? They wouldn't discipline him in the same way, but, in fact, they did not discipline him. They brought him up on charges and they provided him with the notice that was required. Would it not be significant that he had permission from the chief, assuming that was the case? It would be significant. It certainly would, and he could bring that up in his defense on the charges. The Board of Fire Commissioners did not terminate Mr. Crown. The chief suspended him, which is his right, for failing to obey a direct order to meet with him, and they presented him with charges and were prepared to give him an opportunity to present evidence on his behavior. In that part of it, Mr. Crown represents that he attempted to reschedule the meeting at issue. Now, that may not have been his choice to make, but to the extent that we're credited that he attempted to reschedule the meeting, why doesn't that at least raise a question as to whether the defendants in good faith thought that he was being insubordinate? Well, because I think he not only attempted to reschedule it, but he attempted to reschedule it in the guise of challenging the chief's authority to meet with him at all. And the chief, I think rightly and correctly and properly, told him that he had the authority to order him to a meeting and that he could choose to come or not come to the meeting at his peril. And that was the basis for the insubordination? That was the basis for the insubordination, yes. But also, I think the district court properly found that Mr. Crown, the appellant failed to present particularized evidence of discriminatory or retaliatory actions on the part of the board. In a point of fact, the board provided Mr. Crown with everything he asked for. They provided it to him in 2008. My understanding is the approval of the disciplinary proceeding, and the commencement of that is what he's claiming is the retaliatory action. Now, whether it was motivated by retaliation may be a question, but in terms of whether there's retaliatory action, he's saying the disciplinary proceeding is. I think, though, the district court properly found that there was an objective basis for that disciplinary action and that Mr. Crown failed to particularize evidence of actions taken by the board to support his claim that he was being retaliated against on the basis of his public comments. As a matter of fact, the board, even as this disciplinary process was moving forward, the district secretary and the fire company secretary were in email communication with Mr. Crown trying to narrow what he was looking for in an attempt to assist him to gather the information he needed for the class. What's the standard in your view when there is an objective basis for firing but the claim is retaliation? Don't we have to say that as a matter of law the jury would find that he could only have been terminated because of the objective basis and that retaliation could not be found by a fact finder? No, I don't believe that's the standard. I believe that if there is an objective basis for the disciplinary action, then the burden shifts to the plaintiff to show particularized evidence which supports his claim of retaliatory action. And I don't believe the plaintiff has done that, and that's what I believe the district court found in this case. All right. Thank you very much. Anything else? Let me just turn your attention to the January 25 email. Your adversary says that that's protected speech. Why do you argue that it is not protected speech for purposes of this appeal? Why not? It's not protected speech because it was a request made as part of an internal course that the appellant was taking. But the response is it's a public matter or relates to a clearly public and publicly important matter. Well, I think, though, Judge, with due respect, there are a number of cases that are cited in both briefs and in the district court's opinion in which there are issues which could arguably be of a public concern, but the court ultimately finds that it is an internal matter to the police department or to the government agency, and that, therefore, even though arguably it could be considered a public matter, the purpose of it is an internal review only. And this is clear from Mr. Crown's emails on the subject that he was looking to obtain this information in part, as he says himself, to complete the coursework and in part to provide assistance to the department when he's completed the course. Well, it's that latter part that is a problem for you, isn't it? I don't believe it is because I think once he completes the course — He wasn't doing it just so that he could get, you know, a good grade in the course. He was doing this so that then he could comment on what were the strengths or deficiencies of the department. What he says, Your Honor, is that when he completes the course, he hopes to use this information to provide it to the fire commissioners for their planning purposes. So that will be useful. Right. And that is an internal matter. Well, no. We have held that a firefighter's criticisms of a department for deficiencies in training, discipline, and morale are protected as matters of public concern, as long as they relate to the department generally and not the firefighter in particular. That's correct, Your Honor, but that's not his stated intent in obtaining these materials. His stated intent in obtaining these materials is not to criticize. It is to provide them to the department for purposes of planning. That is clearly an internal matter that would be the responsibility of anyone who completed that class. That they had to then provide the material to the department? That he — I mean, I understand that's his intent, but you just said that would be the responsibility of anyone who took the class. And I'm asking you whether there's record evidence that once you take the class, then you have to make your findings known to the department. There is not record evidence that you're required to do that, but he offered to do that as part of the class. It's an internal matter. I understand, Your Honor. All right. Thank you. Very briefly, I think that there's a distinction between charges that have an objective foundation that could have been brought and charges that have an objective foundation but were not brought. If the court looks at the charges that were actually brought or drafted against Crown, there's no mention of this objective basis that you violated state law by going outside the county. That was not the thrust of the charges. There wasn't even any mention of that statute or the fact that it was outside the county. What the charges have to do with is you said you had authorization, you didn't have authorization, and you forged the documents. All four charges are about filing forms that are false and forged. I don't think that the law is that an officer would have qualified immunity if, although he brought a charge that was retaliatory, there was an objective basis for bringing a charge that he never brought. I think that's what the Fire District is arguing with respect to that point. With respect, of course, to the point about the insubordination, I think this court is correct. There are issues of fact with respect to that. The historical events are in dispute and need to be resolved by the trier of fact. If there are no other questions, I thank the court very much. Thank you for taking the case under advisement. Thank you both very much for your arguments.